## Richmond

ROBERT W. MCDANIEL, AN INFANT, WHO SUES BY HIS FOSTER FATHER AND NEXT FRIEND, HENRY M. JOHNSON V. ROBERT OTIS WERN, AN INFANT.

March 7, 1966.

Record No. 6122.

Present, All the Justices.

*John R. Alford*, for the plaintiff in error.

*Preston Sawyer, Jr.* (*Williams, Robertson & Sackett*, on brief), for the defendant in error.

EGGLESTON, C. J., delivered the opinion of the court.

Robert W. McDaniel, an infant, suing by his next friend, filed a motion for judgment against Robert Otis Wern, an infant, to recover damages for personal injuries sustained while the plaintiff was riding as a guest passenger in the defendant's automobile. The motion alleged that the defendant was guilty of gross negligence in the

operation of the car which proximately caused the accident and the plaintiff's injuries. There was a trial before a jury which resulted in a verdict of $2,100 in favor of the plaintiff. The lower court set aside the verdict and entered final judgment for the defendant on the ground that the evidence failed to show that the defendant was guilty of gross negligence. The plaintiff has appealed. The controlling question is whether the evidence was sufficient to warrant the jury in finding that the defendant was guilty of gross negligence in the operation of the car, as is required by Code, § 8-646.1 (Repl. Vol. 1957).

On May 17, 1963, about 1:00 A. M., the defendant Wern, accompanied by the plaintiff McDaniel and another companion, Robert L. Crickenberger, was driving southwardly along Langhorne road in the city of Lynchburg. As the car proceeded along that road it ran off the pavement on the right-hand side, crossed over the curb, and struck a tree. The impact shattered the windshield of the car and injured McDaniel.

The three occupants of the car were employed at the Kenny-Burger in the city of Lynchburg. When that establishment closed on the night of May 16, Wern offered to take McDaniel and Crickenberger to their respective homes and the three got into the Wern car. The car, a 1955 Studebaker model, is equipped with standard gear shift, but due to some malfunction it could not readily be shifted from the first to a higher gear. Realizing this difficulty Wern, accompanied by his passengers, went to a service station to seek assistance in correcting the trouble. Not finding that station open, he proceeded to another where the car was put on a grease rack and some effort was made to repair the transmission. The trouble could not be corrected and Wern then proceeded to complete his mission and take McDaniel and Crickenberger to their respective homes. This he could accomplish only by driving the car in first gear. Both of his passengers were fully aware of this.

When the car reached the intersection of Rivermont avenue and Langhorne road it was slowed down as Wern turned into the latter street. After making the turn he accelerated the speed and attempted to put the car in second gear but was unable to complete the shift. While attemping to make the change he glanced down at the gear shift and as he did so the car ran off the pavement, crossed the 3-inch curb, and struck the tree. The investigating officer testified that this tree is located 18 inches from the curb and 300 feet from the intersection of Rivermont avenue and Langhorne road.

A critical issue in the case was the length of time which transpired while Wern was looking down at the gear shift just before the crash. The plaintiff's testimony as to this is quite vague and indefinite. He said that after the car had turned into Langhorne road Wern put it "in second gear, gave it a little gas and tried to put it back in high; was looking down, and then I remember a slight bump and we then hit the tree." He admitted that "it all happened very quickly and suddenly." He estimated the speed of the car at 30 to 35 miles per hour at the moment of impact which was in excess of the permitted limit of 25 miles per hour.

The plaintiff was thus questioned and replied as to the distance the car traveled while Wern was looking down at the gear shift:

"By the court:

"Q. How far can you estimate he traveled while he was looking down?

"A. Well, sir, I can't say actually. About 300 foot. Not when we turned; when he put it in second.

"Q. While he was looking down?

"A. From second until third? I couldn't say. It was for a while. You don't glance down when your car don't go in gear; you have to look and try to see what you are doing.

"By Mr. Sawyer:

"Q. The judge asked you how long, for how many feet, before you went off the road did he have his eyes on it?

"A. I couldn't tell you that. I wasn't expecting a wreck. I remember it wouldn't go in gear. Like I said, he looked down like this, trying to get it back into third gear. He went over the bump, still trying to get it in gear."

Crickenberger, the other passenger in the car, was quite positive that Wern was looking down at the gear shift "for a second or so," or "just for an instance maybe, just a flash," before the impact. Wern testified that "approximately two seconds" elapsed while he was looking down trying to make the gear shift, and that when he looked up the tree was only two feet away from the front of the car.

We agree with the reasoning of the lower court's written opinion that the accident happened "very quickly and suddenly" while the defendant was looking down "momentarily" at the gear shift and that there was no evidence of deliberate inattention on the part of the defendant in the operation of the car.

The facts in *Finney* v. *Finney*, 203 Va. 530, 125 S. E. 2d 191, are quite similar to those in the present case. There the driver of an automobile momentarily diverted her attention from the street ahead to look at her granddaughter sitting nearby and failed to see and avoid a collision with another vehicle at a street intersection. We held that the evidence there showed no more than inattention and lack of ordinary care and was not sufficient to convict the driver of gross negligence. For a like situation and holding see also, *Alspaugh* v. *Diggs*, 195 Va. 1, 77 S. E. 2d 362.

The present case is readily distinguishable from *McDowell* v. *Dye*, 193 Va. 390, 69 S. E. 2d 459, upon which the plaintiff relies. In that case the driver, proceeding in excess of the speed limit, deliberately took her eyes off the road and attempted to accept a drink from a passenger in the rear seat. In so doing she lost control of the car and crashed into a utility pole, injuring a guest in the car. There the driver was deliberately inattentive to the operation of the car. We affirmed the judgment of the trial court sustaining a jury's verdict that the driver was guilty of gross negligence.

In the present case, Wern was not inattentive to the operation of the car. On the contrary, while attempting to operate it properly he momentarily took his eyes from the street and failed to observe the direction in which the vehicle was going. His conduct amounted to no more than inadvertence or lack of ordinary care. It fell far short of wanton or reckless conduct necessary to constitute culpable gross negligence.

The judgment is

*Affirmed.*