# Richmond

**BARNEY ARNOLD, SHERIFF, ADMINISTRATOR, ETC. v.
DOROTHY M. REYNOLDS, ADMINISTRATRIX, ETC.**

January 20, 1975.

Record No. 740303.

Present, All the Justices.

*Ralph B. Rhodes (Bruce E. Welch; Hutcherson & Rhodes,* on brief), for plaintiff in error.

*Thomas D. Frith, Jr.; Edwin C. Stone,* for defendant in error.

Carrico, J., delivered the opinion of the court.

In this gross negligence case, the estate of a deceased guest-occupant, Jackie Lee Reynolds, recovered in the court below a jury verdict and judgment of $10,000 against the estate of the deceased host-driver, Jerry Lee Price. On appeal, the judgment is challenged on the ground that the evidence was insufficient to establish either the gross negligence of the host-driver or the proximate cause of the fatal crash.

The evidence shows that the single-car accident occurred on U. S. Route 81 in Montgomery County at approximately 10:00 p.m., April 18, 1972. The weather was clear, the road surface dry. The speed limit was 65 m.p.h.

Route 81 is a divided, limited-access, interstate highway. At the accident scene, the highway runs generally east and west on a downhill grade curving to the left for eastbound traffic.

Prior to the accident, the death vehicle had been proceeding in an easterly direction. After the crash, the car was found in the median strip, completely demolished, facing westward. The three occupants, all dead, were found lying in the median. The body of Jackie Lee Reynolds, the guest-occupant in the present case, had been thrown 52 feet beyond the wrecked vehicle.

Investigation disclosed that the vehicle had left 150 feet of marks in the highway, commencing near the middle of the inside eastbound lane and continuing to the median strip. In the median, the vehicle had made a path 380 feet in length, with intervening "vacant spaces," before coming to rest.

At trial, the results of a laboratory analysis of the blood of Jerry Lee Price, the host-driver, were introduced into evidence without objection. Those results revealed a blood alcoholic content of 0.12 percent by weight.[1] The toxicologist who conducted the analysis testified that 0.12 percent blood alcoholic content produces "nystagmus," a condition which causes "a distracting effect on the vision"; the eyes "have a tendency to wander back and forth until [focus] is voluntarily directed." The toxicologist also stated that 0.12 percent blood alcoholic content causes "an impairment of coordination, especially fine coordination [and] there is a slowing of the reflex time."

■ We need spend but little time on the question whether the evidence was sufficient to sustain a finding of gross negligence on the part of Jerry Lee Price, the host-driver. In its brief, the estate of the host-driver candidly admits: "This Court could well find that the negligence [required to be shown] was the intoxication of [the host-driver] Jerry Lee Price." Considering the admittedly impaired condition of the host-driver along with the other evidence in the case, we have no difficulty in finding that gross negligence was sufficiently established to present a proper issue for jury determination.

■ We take a similar view with respect to the question of proximate cause. Concededly, if the case were considered without

---

[1] On the date of the accident, April 18, 1972, no presumption arose from blood alcoholic content of 0.12 percent by weight. The 1972 amendment to Code § 18.1-57, establishing a presumption of intoxication from blood alcoholic content of 0.10 percent by weight, had not yet become effective.

regard to the impaired condition of the host-driver, the evidence would fail to establish the cause of the accident. With the impaired condition of the host-driver eliminated, one could speculate that the accident occurred because of the sudden illness of the operator, the blinding lights of another vehicle, the mechanical failure of the death vehicle or a variety of other reasons. The case then would be subject to the rule which requires denial of recovery where there has been a failure to show how and why an accident occurred. *See, e.g., McFadden* v. *Garrett,* 211 Va. 680, 683, 179 S.E.2d 482, 485 (1971).

But when the evidence concerning the impaired condition of the host-driver is considered, an important factor is introduced which, along with the other evidence, would explain how and why the accident occurred. It was for the trier of fact, however, to say whether the host-driver's impaired condition was the proximate cause of the accident. The trial court, therefore, properly submitted to the jury the question of proximate cause. *See Penington* v. *Beamon,* 211 Va. 493, 496, 178 S.E.2d 511, 513 (1971), and *Kissinger* v. *Frankhouser,* 308 F.2d 348, 351 (4th Cir. 1962).

For the reasons assigned, the judgment of the trial court will be affirmed.

*Affirmed.*