Richmond

## Charles W. Bacon, Jr.

### v.

## Commonwealth of Virginia

February 29, 1980.

Record No. 790567.

Present: I'Anson, C.J., Carrico, Harrison, Cochran, Poff, and Compton, JJ.

*Robert C. Bode* for appellant.
*Richard B. Smith, Assistant Attorney General* (*Marshall Coleman, Attorney General,* on brief, for appellee.

PER CURIAM.

Charles W. Bacon, Jr., waived trial by jury on a warrant charging that he did "unlawfully operate a motor vehicle on the highway in a reckless manner thereby causing an accident." He was found guilty of improper driving. Code § 46.1-192.2. His appeal questions the sufficiency of the evidence to support the conviction.

On May 25, 1978, about 10 p.m., Virginia State Trooper J. K. Cobb investigated a one-vehicle accident. An automobile owned and operated by Charles W. Bacon, Jr., was damaged extensively. Bacon sustained an ankle injury and multiple face lacerations which required his immediate hospitalization.

The officer described the scene of the accident as an unlighted, level country road. He said there were no traffic controls, no white lines bisecting the pavement or bordering the roadway, and no signs providing advance warning that the road curved at this point. The weather was cloudy, but the surface of the road was dry, and there were no highway defects.

The trooper determined that the accident occurred near the beginning of a curve and at a point on the road where there was a ditch and "hardly any shoulder at all." The markings on the highway disclosed that the car went off the right shoulder of the road and proceeded, apparently out of control, to strike a tree, to graze a telephone pole, and then to skid across the roadway where it struck a second tree. He said the car traveled a total distance of 362 feet from the point at which the vehicle first left the highway until it came to rest.

The defendant told the trooper that another car ran him off the road, causing him to hit the ditch and to lose control of the vehicle. Bacon gave the same explanation at trial. He testified that as he entered the curve in the highway, he met a car whose headlights "were over halfway on my side of the road"; that he pulled as far to the right as he could, and in doing so lost control of his vehicle; and that the only thing he remembered about the vehicle which ran him off the

road was that it had double square headlights and was light colored.* Defendant estimated his speed to have been between 40 and 45 mph and said the speed limit at the point of the accident is 55 mph.

Although Trooper Cobb detected "an odor of alcohol about his person," he said he found no alcohol in defendant's vehicle, or any evidence of alcohol other than the odor. No charges involving the use of alcohol were brought against the defendant. Defendant testified that he was employed as an industrial department manager, that on the day of the accident his company had held a meeting, and that after the meeting he had two alcoholic beverages with those in attendance before going to a McDonald's restaurant where he had dinner. He denied that he had consumed additional alcoholic beverages either before or after the accident.

The defendant relies on *Powers* v. *Commonwealth,* 211 Va. 386, 177 S.E.2d 628 (1970), where we were unable to determine from the evidence how or why the accident involving Powers happened, and we observed: "The defendant . . . may have been confronted with a sudden emergency not caused by his own negligence." 211 Va. at 389, 177 S.E.2d at 630.

In the instant case there is no evidence of speed other than the fact that the vehicle traveled a distance of 362 feet after it went out of control, and that it was damaged beyond repair in the accident. In *Powers* the defendant's car traveled an erratic course for more than 900 feet and struck some trees with such force that the engine was wrenched from the car and the defendant was thrown clear of it and injured. In the instant case the defendant's car traveled a much shorter distance and the physical damage to the vehicle was much less than it was in *Powers*.

There is no evidence that the defendant's speech, muscular movement, general appearance, or behavior indicated that he was intoxicated or that he had been affected by the alcohol he had consumed prior to the accident. In *Hill* v. *Lee,* 209 Va. 569, 572, 166 S.E.2d 274, 276 (1969), we observed: "In a number of cases we have held that the mere odor of alcohol on one's breath presents no question of intoxication for the determination of the jury. . . ."

Defendant's explanation that he was forced off the highway by another vehicle is not contradicted. If his statement is true, then the defendant was confronted with a sudden emergency that was not caused by his own negligence. If we reject his statement, we are left without any explanation of how the accident occurred and can only

---

* Bacon was apparently knocked unconscious upon impact with the first tree.

speculate or guess that it was due to excessive speed, to inattention by the driver, or to alcohol. In *Arnold, Adm.* v. *Reynolds, Adm'x,* 215 Va. 431, 211 S.E.2d 46 (1975), we approved a finding of gross negligence on the part of a deceased host-driver in an automobile accident case in which there were no eyewitnesses. The evidence disclosed that the vehicle involved went out of control for a distance of 530 feet before coming to rest, and that a guest-passenger was thrown a distance of fifty-two feet beyond the wrecked vehicle. However, in that case the result of a laboratory analysis of the blood of the host-driver was introduced into evidence without objection and disclosed a blood alcoholic content of 0.12% by weight. The toxicologist who conducted the analysis testified that such a content produces a condition which causes a "distracting effect on the vision" and that the eyes "have a tendency to wander back and forth until [focus] is voluntarily directed. . . ." 215 Va. at 432, 211 S.E.2d at 47. This expert witness also testified that such an alcoholic content causes "an impairment of coordination, especially fine coordination [and] there is a slowing of the reflex time." *Id.* We find no such evidence in the instant case. And the mere fact that an accident happened, or that the automobile followed an erratic course for 362 feet after it was out of control, does not give rise to an inference of reckless driving or of improper driving.

We cannot say that the defendant's explanation of how the accident occurred and of what caused him to lose control of his car is incredible or unworthy of belief. The evidence neither excludes every reasonable hypothesis of innocence nor is it consistent only with the guilt of defendant. The fact that the defendant was found guilty of improper driving, which indicates a slight degree of culpability, is not material. Both reckless driving and improper driving are criminal offenses and to sustain a conviction of either the Commonwealth's evidence must establish guilt beyond a reasonable doubt.

The judgment of the court below is reversed, and the case will be dismissed.

*Reversed and dismissed.*