# Frances M. Reynolds

## v.

# Lillian Martin Riggs, et al.

Record No. 850042

January 15, 1988

Present: All the Justices

*Phillip G. Gardner (Gardner, Gardner & Barrow, P.C.,* on briefs), for appellant.

*David B. Worthy; William H. Smith (Stone & Worthy; Garrett, Smith & Garrett,* on brief), for appellee.

THOMAS, J., delivered the opinion of the Court.

The sole issue in this appeal is whether the trial court improperly admitted evidence of an experiment which was conducted in an effort to establish the sight distance along a certain stretch of road at the time of an automobile accident. We conclude that the evidence was improperly admitted; therefore, we will reverse the judgment of the trial court.

The accident occurred in the early morning hours of October 5, 1983, between 5:30 a.m. and 5:45 a.m. Other than the light from the headlights of the car driven by plaintiff, Frances M. Reynolds, the scene of the accident was completely dark.

Defendant Lillian Martin Riggs pulled out of her driveway onto State Route 108 near Martinsville, directly into the path of a tractor-trailer owned by defendant J. H. Joyce and operated by defendant John S. Joyce. The tractor-trailer was of the type used to carry logs. The trailer portion consisted of a metal frame flatbed with vertical metal arms to hold the logs in place. The tractor-trailer collided with the rear of the Riggs' vehicle, knocking that car off the road. The tractor-trailer then "jackknifed." The tractor left the travelled portion of the road. At the point of the accident, State Route 108 ran generally in a north-south direction. The trailer blocked all of the southbound lane of travel towards Martinsville and most of the northbound lane of travel from Martinsville. No lights were burning on the trailer and no flares had been placed in the road.

The plaintiff, Frances M. Reynolds, approached the accident scene heading south. She was travelling about 45 miles per hour. Her high-beam headlights were on. She testified that she did not see anything in the road until she was two or three car lengths or thirty feet away from the trailer. She applied her brakes but it was too late to stop. She drove into the trailer, which completely blocked her lane of travel, and she sustained serious injuries.

At trial, defendant Riggs adduced evidence from a licensed engineer and land surveyor concerning an experiment the expert had conducted, approximately one year after the accident, to determine the sight distance at the scene of the accident. The expert witness testified that he positioned one of his assistants beside the

road near the place the trailer had been located. He then drove away from the assistant, turned around, and approached the assistant at 5 miles per hour until he reached a place where he could see the assistant. The expert testified that he performed the test five times and that the average distance from which he could see his assistant was 420 feet.

■ This case is controlled by *Habers* v. *Madigan, Adm'r*, 213 Va. 485, 193 S.E.2d 653 (1973). *Habers* also involved an experiment concerning what could be seen on a highway. In *Habers*, the defendant drove into the rear of a "tractor-truck" on Interstate 81. The rear lights on the truck were almost completely covered with dirt. The question was, at what distance the defendant could have seen the truck. A year after the accident one of the rear lights from the trailer was mounted in an infant's highchair, connected to a 12-volt battery, and placed in the road. The witness walked along the highway away from the lighted apparatus and later testified that he could see it from 200 paces away.

In *Habers*, we stated the test for admitting experimental evidence in the following terms:

> An experiment made out of court for the purpose of testing visibility existing at a particular time and place does not have to be made under the identical conditions and circumstances prevailing at the time of the occurrence involved in the controversy before it can be admitted in evidence, *but in order for the test and the results thereof to be admissible the conditions and circumstances under which the experiment was conducted must be substantially similar in essential particulars.*

*Id.* at 487, 193 S.E.2d at 655 (emphasis added). We concluded that the testimony concerning the experiment was inadmissible. We pointed out several differences between the accident and the experiment, differences which in our opinion made the two events "substantially dissimilar." The light on the truck was only one portion of the truck's entire electrical system which ran on two 6-volt batteries, while the light used in the experiment was the only thing connected to the single 12-volt battery used in the experiment. The accident involved two moving vehicles while the experiment involved only one. The background of the taillight, as mounted on the truck, differed from the background of the tail-

light as mounted in the infant's high chair. And, in the experiment, the witness knew what he was looking for and knew where to look. *Id.* at 488, 193 S.E.2d at 655.

In the instant appeal, we also conclude that the experiment was substantially dissimilar from the actual events. The object in the road at the time of the accident was a metal frame trailer on wheels; in the experiment a man was standing beside the road. The plaintiff came upon the original accident scene driving 45 miles per hour; the experimenting witness drove at 5 miles per hour. The plaintiff drove a Pontiac stationwagon with single beam headlights; the experimenting witness drove an Oldsmobile sedan with double headlamps on each side. On the night of the accident, it was dark and overcast; on the night of the experiment, there was moonlight. The plaintiff had no prior knowledge that anything was in the road, while the experimenting witness knew where his assistant was standing and knew what to look for.

Defendant Riggs argued that *Habers* is distinguishable because it involved a lighted object in the road while the object in this case was not lighted. Defendant Joyce argued that what was done in the instant case simply was not an experiment as contemplated in *Habers.* Both defendants denied that the experiment was designed to show visibility. They contended the evidence was offered merely to show the place where the road became level and straight so that the beams of light from an automobile's headlights would shine straight ahead along the road.

The attempts to distinguish *Habers* are unconvincing. So is the contention that the experiment was not an effort to show at what point the trailer should have been visible to the plaintiff. Indeed, in response to questioning during oral argument, Riggs' counsel, who introduced the experimental evidence, admitted that he wanted to show that the plaintiff should have discerned the trailer sooner than she said she had, and that she could have discerned it in enough time to have avoided the accident. Even without that admission, it is clear that what was done here is precisely the type of experiment that was discussed in *Habers.*

On brief, defendant Riggs relied on *N. & W. Ry. Co.* v. *Henderson,* 132 Va. 297, 111 S.E. 277 (1922), for the proposition that foreknowledge of what an experiment is meant to demonstrate is not sufficient to make an experiment inadmissible. Riggs' reliance on *Henderson* is misplaced. In *Henderson* we stated that, except for foreknowledge, the conditions of the experiment in that case

were substantially similar to the events that occurred at the time of the accident. Thus, foreknowledge was considered as an isolated factor with all other things being substantially equal. It was in that context that we pointed out that if foreknowledge by itself made an experiment inadmissible, then no experiments would ever be admissible. In the instant appeal, foreknowledge is not the only dissimilarity.

■ The defendants also argue that the admission of the evidence concerning the experiment was harmless error in that there was other evidence from which the jury could have concluded that plaintiff should have seen the trailer in time to stop. We disagree. The admission of the results of the experiment suggested to the jury that plaintiff should have seen the obstruction in time to have avoided the accident. We cannot say that the jury was not influenced by this evidence.

We hold that the trial court erred in admitting into evidence the results of the experiment in dispute in this appeal. Therefore, we will reverse the judgment of the trial court and remand the case for a new trial consistent with this opinion.

*Reversed and remanded.*