COURT OF APPEALS OF VIRGINIA


Present: Judges Benton, Clements and Kelsey
Argued at Salem, Virginia


JAMES EDWARD BAYNE

MEMORANDUM OPINION* BY
v.      Record No. 2395-04-3           JUDGE JAMES W. BENTON, JR.
                                        MARCH 28, 2006
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF STAUNTON
Humes J. Franklin, Jr., Judge

Frankie C. Coyner for appellant.

(Judith W. Jagdmann, Attorney General; Josephine F. Whalen,
Assistant Attorney General, on brief), for appellee. Appellee
submitting on brief.


The sole issue to be decided on this appeal is whether the evidence was sufficient to prove

James Edward Bayne guilty of improper driving as proscribed by Code § 46.2-869. We hold that it

was.

I.

Police Officer Chad Nestor was parked in his police cruiser at approximately 11:00 p.m.

when he heard a "very loud" exhaust and then noticed two cars accelerating on a city street side by

side. Officer Nestor described further his initial observation:

> They were both side by side as they left through the intersection
> when I looked up. They were accelerating - you could tell that
> they weren't what you call normally pulling out of the - from the
> light, like a normal person would drive from the intersection. They
> were neck and neck going as fast - really fast going down towards
> downtown.

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Though he was not certain of the cars' actual speeds, Officer Nestor believed that both cars were traveling in excess of the posted 35 miles-per-hour speed limit.

Officer Nestor followed the cars and lost sight of them as they "rounded [a] turn." When he saw the cars again, one car had accelerated past the other. Officer Nestor testified that he had to accelerate "pretty good" to catch the cars. When he did, he directed the lead car to stop in a parking lot, continued until he caught the next car, and directed the driver of the second car to the parking lot where the other car waited. Officer Nestor obtained identifications from both drivers. James Edward Bayne was the driver of the first car Officer Nestor stopped. When he asked Bayne to explain what he was doing, Bayne said that he was "just playing around." Officer Nestor issued a summons to Bayne for racing, a reckless driving offense in violation of Code § 46.2-865.

Bayne testified he was driving a car his brother had purchased earlier that day and he was driving it for the first time. Bayne recalled that he was traveling approximately 35 to 40 miles per hour when he approached the area where Officer Nestor was parked, but said he could not "quite remember [his speed]." He testified that he thought he slowed a bit when he saw the officer's car and that he and the other driver, whom he denied knowing, both stopped at an intersection near the lot in which Officer Nestor was parked. Bayne denied having a loud muffler on his car and speeding away when the traffic light changed. He also denied making any statements to Officer Nestor.

The trial judge found that the two cars were moving fast down the city street "side by side," and he accepted as true the officer's testimony that Bayne said he was fooling around. The judge convicted Bayne of improper driving and imposed a fine.

II.

Code § 46.2-865, the statute charged in the summons, provides in part that "[a]ny person who engages in a race between two or more motor vehicles on the highways . . . shall be guilty of reckless driving." The statute proscribing improper driving provides as follows:

> Notwithstanding the foregoing provisions of this article, upon the trial of any person charged with reckless driving where the degree of culpability is slight, the court in its discretion may find the accused not guilty of reckless driving but guilty of improper driving . . . . Improper driving shall be punishable as a traffic infraction punishable by a fine of not more than $500.

Code § 46.2-869. To sustain a conviction for improper driving, the evidence must prove guilt beyond a reasonable doubt.

Bayne notes that "he was not charged with speeding." He argues that Officer Nestor could not testify with certainty about the speed of the cars and, therefore, that no evidence proved his driving endangered life, limb, or property. The Commonwealth argues that the manner and circumstances in which Bayne operated the car proved he drove improperly.

Officer Nestor testified the posted speed was 35 miles per hour. He also testified that Bayne's speed was "really fast" based on his observation of Bayne's car and his pursuit to stop the cars.

> "An estimate of the speed at which an automobile was moving at a given time is generally viewed as a matter of common observation rather than expert opinion, and it is accordingly well settled that any person of ordinary experience, ability, and intelligence having the means or opportunity of observation, whether an expert or nonexpert, and without proof of further qualification may express an opinion as to how fast an automobile which came under his observation was going at a particular time . . . . Speed of an automobile is not a matter of exclusive knowledge or skill, but anyone with a knowledge of time and distance is a competent witness to give an estimate; the opportunity and extent of observation goes to the weight of the testimony."

- 3 -

Greenway v. Commonwealth, 254 Va. 147, 152, 487 S.E.2d 224, 227 (1997) (quoting Moore v. Lewis, 201 Va. 522, 525, 111 S.E.2d 788, 790 (1960) (citations omitted)).

The evidence that the trial judge accepted to be true was the officer's testimony that the cars moved away from the traffic light "accelerating . . . neck and neck going . . . really fast." The quality of the officer's observations was a matter of credibility. Greenway, 254 Va. at 152, 487 S.E.2d at 227. In addition to this evidence of unusual speed by two cars accelerating from a stopped position, the evidence also proved Bayne acknowledged to the officer that he was "just playing around."

The trial judge was not required to accept as credible Bayne's testimony that he saw the officer's car in the parking lot and, therefore, did not speedily drive from the traffic light or that he did not tell the officer he was engaged in frivolity with the other driver. This was a credibility determination that properly rests with the trial judge as the fact finder. Sawyer v. Commonwealth, 43 Va. App. 42, 53, 596 S.E.2d 81, 86 (2004) (holding that we defer to the fact finder's determination that the witness' self-serving testimony is not worthy of belief). "Where the trier of fact believes a witness has knowingly testified falsely in any material fact, he has a right to give the testimony such weight and credit as in his opinion it was entitled." Kennedy v. Commonwealth, 1 Va. App. 469, 472, 339 S.E.2d 905, 907 (1986). The trial judge resolved the conflicts in the evidence against Bayne.

Bayne argues that the conviction was based on speculation and failed to satisfy the standard announced in Bacon v. Commonwealth, 220 Va. 766, 263 S.E.2d 390 (1980). We disagree. In Bacon, the defendant's explanation of the events that led to a conviction for improper driving was "not contradicted." 220 Va. at 768, 263 S.E.2d at 391. The defendant testified that he "was forced off the highway by another vehicle . . . [and] was confronted with a sudden emergency that was not caused by his own negligence." Id. Reversing the conviction for

- 4 -

improper driving, the Supreme Court held that "the mere fact that an accident happened . . . does not give rise to an inference . . . of improper driving." Id. at 769, 263 S.E.2d at 392. In view of the uncontradicted evidence, the conviction in Bacon was supported only by "speculat[ion] . . . that [the accident] was due to excessive speed, to inattention by the driver, or to alcohol." Id.

In this case, however, Officer Nestor's testimony was credible evidence that the speed at which Bayne was traveling was improper under the circumstances. The officer's testimony of the manner in which the cars quickly accelerated from the traffic light, driving side-by-side and the evidence of Bayne's admission of "playing around" while he was accelerating and driving beside the other car were sufficient to prove that the manner and circumstances of Bayne's driving conduct was unsafe. See Hale v. Commonwealth, 23 Va. App. 587, 591, 478 S.E.2d 710, 711-12 (1996) (holding that improper driving includes failure to operate a vehicle in a safe manner and under control). We hold that this evidence proved beyond a reasonable doubt improper driving.

For these reasons, we affirm the conviction.

Affirmed.