COURT OF APPEALS OF VIRGINIA

Present: Judges Elder, Alston and Senior Judge Willis

WILLIAM MICHAEL BERGER

                                                    MEMORANDUM OPINION[*] BY
v.      Record No. 0445-12-4                        JUDGE ROSSIE D. ALSTON, JR.
                                                    FEBRUARY 19, 2013
COMMONWEALTH OF VIRGINIA


                    FROM THE CIRCUIT COURT OF FAUQUIER COUNTY
                        Herman A. Whisenant, Jr., Judge Designate

                (John Primeau; Law Offices of John Primeau, on brief), for
                appellant. Appellant submitting on brief.

                (Kenneth T. Cuccinelli, II, Attorney General; Aaron J. Campbell,
                Assistant Attorney General, on brief), for appellee. Appellee
                submitting on brief.


        William Michael Berger (appellant) appeals his conviction for improper driving in

violation of Code § 46.2-869. On appeal, appellant contends that the trial court erred in finding

the evidence presented sufficient to sustain his conviction. For the reasons that follow, we agree

and reverse the judgment of the trial court.

                                    I. BACKGROUND

        On appeal, we view "the evidence in the light most favorable to the Commonwealth, the

party prevailing in the circuit court, and we accord the Commonwealth the benefit of all

reasonable inferences deducible from the evidence." Britt v. Commonwealth, 276 Va. 569, 573,

667 S.E.2d 763, 765 (2008) (citing Jay v. Commonwealth, 275 Va. 510, 524, 659 S.E.2d 311,

319 (2008)).

_____

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

So viewed, the evidence showed that on September 14, 2011, Deputy Shane Jacobs of the Fauquier County Sheriff's Office arrived at the scene of a single car accident on Route 50. Upon his arrival, Deputy Jacobs observed that appellant's car had been pulled out of the median by fire and rescue personnel. Before Deputy Jacobs had the opportunity to question appellant, appellant left the scene of the accident. Deputy Jacobs followed appellant and performed a traffic stop.

During the traffic stop, Deputy Jacobs detected the odor of alcohol coming from appellant. Deputy Jacobs asked appellant whether he had anything to drink, to which appellant responded, "he had a few beers." Deputy Jacobs also questioned appellant about the cause of the accident, to which appellant stated that "he hit a patch of water and hydroplaned into the median." Deputy Jacobs observed "very minor" damage to appellant's car. After Deputy Jacobs' investigation, appellant was charged with reckless driving pursuant to Code § 46.2-869.

At the conclusion of the Commonwealth's case, appellant made a motion to strike, which the trial court denied. Appellant did not present any evidence and renewed his motion to strike, which the trial court again denied. The trial court then found appellant guilty of improper driving in violation of Code § 46.2-869 and fined appellant fifty dollars. This appeal followed.

II. ANALYSIS

Code § 46.2-869 states that "upon the trial of any person charged with reckless driving where the degree of culpability is slight, the court in its discretion may find the accused not guilty of reckless driving but guilty of improper driving." On appeal, appellant contends that the evidence was insufficient to support his conviction for improper driving because the only explanation offered at trial was that the accident was the result of a sudden emergency and not appellant's negligence or recklessness.

"On appeal, 'we review the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom.'" Archer v. Commonwealth, 26 Va. App. 1, 11, 492 S.E.2d 826, 831 (1997) (quoting Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987)). "When faced with a challenge to the sufficiency of the evidence, we 'presume the judgment of the trial court to be correct' and reverse only if the trial court's decision is 'plainly wrong or without evidence' to support it." Myers v. Commonwealth, 43 Va. App. 113, 118, 596 S.E.2d 536, 538 (2004) (quoting Kelly v. Commonwealth, 41 Va. App. 250, 257, 584 S.E.2d 444, 447 (2003) (*en banc*)).

From the record before us, we cannot find evidence to support appellant's conviction.[1] Accordingly, we reverse the judgment of the trial court.

In reaching this conclusion, we find the Supreme Court's holding in Bacon v. Commonwealth, 220 Va. 766, 263 S.E.2d 390 (1980), instructive. There, the defendant was charged and convicted of improper driving after he lost control of his car and struck multiple trees and grazed one telephone pole. Id. at 767, 263 S.E.2d at 390-91. "The defendant told the [investigating] trooper that another car ran him off the road, causing him to hit [a] ditch and to lose control of the vehicle." Id. at 767, 263 S.E.2d at 391. Although the investigating officer detected the odor of alcohol coming from the defendant, the Commonwealth did not allege any charges involving the use of alcohol, nor did the Commonwealth present evidence that the defendant "was intoxicated or that he had been affected by the alcohol he had consumed." Id. at 768, 263 S.E.2d at 391. On appeal, the Supreme Court reversed the defendant's conviction, noting that the "[d]efendant's explanation that he was forced off the highway by another vehicle

---

[1] We note that the transcript from defendant's trial in the Circuit Court of Fauquier County mistakenly refers to the General District Court of Fauquier County.

[wa]s not contradicted." Id. The Supreme Court concluded that the defendant's explanation, if true, demonstrated that he "was confronted with a sudden emergency that was not caused by his own negligence," and, if the Court rejected his explanation, then "we are left without any explanation of how the accident occurred." Id.

As in Bacon, the record here does not provide sufficient evidence to uphold appellant's conviction. While appellant admitted that "he had a few beers," the record does not include "evidence that [appellant's] speech, muscular movement, general appearance, or behavior indicated that he was intoxicated or that he had been affected by the alcohol he had consumed prior to the accident." Id. at 768, 263 S.E.2d at 391. Moreover, the only explanation for appellant's accident offered at trial was his statement to Deputy Jacobs that "he hit a patch of water and hydroplaned into the median." While appellant's explanation does not exclude the possibility that he operated his vehicle in a negligent manner, there is no evidence in the record that evinces reckless or negligent behavior on his part. Thus, the evidence does not exclude "every reasonable hypothesis of innocence nor is it consistent only with the guilt of [appellant]." Id. at 769, 263 S.E.2d at 392. Accordingly, the judgment of the court below is reversed, and this conviction is dismissed.

Reversed and dismissed.

# VIRGINIA:

*In the Court of Appeals of Virginia on*  **Monday**  *the*  **11th**  *day of*  **February, 2013**.

William Michael Berger,                                                              Appellant,

  against            Record No. 0445-12-4
                     Circuit Court No. CR11-714

Commonwealth of Virginia,                                                         Appellee.

Upon a Petition for Rehearing

Before Judges Elder, Alston and Senior Judge Willis

On December 10, 2012 came appellant, by counsel, and filed a petition praying that the Court set aside the judgment rendered herein on November 27, 2012, and grant a rehearing thereof.

On consideration whereof, the petition for rehearing is granted, the opinion rendered on November 27, 2012 is withdrawn, the mandate entered on that date is vacated, and the appeal case is reinstated on the docket of the Court.

A Copy,

    Teste:

                       Cynthia L. McCoy, Clerk

By: _____

                       Deputy Clerk

UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present:  Judges Elder, Alston and Senior Judge Willis

WILLIAM MICHAEL BERGER

                                                    MEMORANDUM OPINION* BY
v.     Record No. 0445-12-4                          JUDGE ROSSIE D. ALSTON, JR.
                                                    NOVEMBER 27, 2012

COMMONWEALTH OF VIRGINIA

                FROM THE CIRCUIT COURT OF FAUQUIER COUNTY
                   Herman A. Whisenant, Jr., Judge Designate

             (John Primeau; Law Offices of John Primeau, on brief), for
             appellant.  Appellant submitting on brief.

             (Kenneth T. Cuccinelli, II, Attorney General; Aaron J. Campbell,
             Assistant Attorney General, on brief), for appellee.  Appellee
             submitting on brief.

      William Michael Berger (appellant) was convicted in the trial court of improper driving in

violation of Code § 46.2-869.  For the reason that follows, we dismiss this appeal.

      In appellant's petition for appeal, he included a single assignment of error:  "The trial

court erred in finding the evidence presented sufficient to sustain the conviction of appellant."

Rule 5A:12(c)(1)(ii) provides that "[a]n assignment of error . . . which merely states that the

judgment or award is contrary to the law and the evidence is not sufficient" and that "[i]f the

assignments of error are insufficient . . . , the petition for appeal shall be dismissed."  See Davis

v. Commonwealth, 282 Va. 339, 339-40, 717 S.E.2d 796, 796-97 (2011) (holding similar Rule

5:17 "establish[es] the inclusion of sufficient assignments of error is a mandatory procedural

requirement and that the failure to comply with this requirement deprives this Court of its active

jurisdiction to consider the appeal").

_____
      * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Appellant's assignment of error challenges, in general, the sufficiency of the evidence to support his conviction. In accordance with the Supreme Court's decision in <u>Davis</u>, we conclude that appellant's assignment of error is insufficient under Rule 5A:12(c)(1)(ii), and thus deprives this Court of active jurisdiction over the appeal. Therefore, we dismiss the appeal.

<u>Dismissed.</u>