City of LOGAN, Appellee,

v.

COX, Appellant.

[Cite as *Logan v. Cox* (1993), 89 Ohio App.3d 349.]

Court of Appeals of Ohio,
Hocking County.

Nos. 92 CA 20, 92 CA 25.

Decided Aug. 10, 1993.

*Larry E. Beal,* City Law Director, for appellee.

*Richard M. Waller,* for appellant.

STEPHENSON, Judge.

This is an appeal from judgments of conviction and sentence entered by the Hocking County Municipal Court finding Rudy C. Cox, defendant below and appellant herein, guilty of two counts of underage possession of alcohol in violation of Section 91.021(B) of the Codified Ordinances of the City of Logan, Ohio.[1] Appellant assigns the following errors in case No. 92 CA 20:

I. "The trial court erred in overruling defendant's motion to dismiss for failure to prove the offense occurred within Hocking County (venue)."

II. "The trial court erred in allowing the state to amend its complaint to 'possession of an alcoholic beverage' and the evidence failed to prove possession of an alcoholic beverage beyond a reasonable doubt."

III. "The trial court erred in failing to suppress the defendant's statements and the evidence seized from the defendant, in that the state failed to prove that the defendant made a knowing and voluntary waiver of his Fifth and Sixth Amendment U.S. constitutional rights."

Appellant assigns the following errors in case No. 92 CA 25:

I. "The trial court erred in overruling defendant's motion to dismiss for lack of probable cause to question and arrest the defendant."

II. "The trial court erred in overruling defendant's motion to dismiss for failure to prove the offense occurred within Hocking County (venue)."

---

1. Logan City Ordinance 91.021 provides:

"(B) Except as otherwise provided in this chapter or Ohio R.C. Chapter 4301, no person under the age of twenty-one years shall order, pay for, share the cost of, or attempt to purchase any beer or intoxicating liquor, or consume any beer or intoxicating liquor, either from a sealed or unsealed container or by the glass or by the drink, or possess any beer or intoxicating liquor, in any public or private place. (ORC 4301.632)"

III. "The trial court erred in allowing the state to amend its complaint to 'possession of an alcoholic beverage' and the evidence failed to prove possession of an alcoholic beverage beyond a reasonable doubt."

A review of the record reveals the following facts pertinent to this appeal. On June 21, 1992, Patrolman Mike Walton of the Logan Police Department was dispatched to a domestic call at the Elm Court Apartments in Logan, Ohio. Appellant led Walton to an apartment where a woman lay unconscious. Shortly thereafter, Patrolman Brian Lowes arrived on the scene. Walton asked that Lowes take appellant and another subject to the police station to "get statements from them as to what happened at the scene." As they were leaving, Lowes informed Walton there was possibly an odor of an alcoholic beverage on appellant's breath. Walton spoke with appellant and ascertained that appellant did have an odor of alcohol on his breath. Lowes then transported appellant and the other witness to the police station. Lowes read appellant his *Miranda* rights and appellant executed a written waiver. Appellant was then given a statement form.

Lowes noticed from the date of birth appellant had written at the top of the form that appellant was only twenty years old. Upon completion of the statement, Lowes advised appellant that he smelled an odor of alcoholic beverage on appellant's breath. Lowes then administered a gaze nystagmus test, obtaining "all six signs." Lowes informed appellant he was going to have appellant take an intoxilyzer test and that appellant would be charged with underage consumption of alcohol. Appellant tested .208 on the intoxilyzer.

On June 23, 1992, appellant was charged with underage consumption of alcohol. On July 15, 1992, appellant filed a "motion to suppress evidence and defendant's involuntary statements," seeking the suppression of "any and all involuntary statements made by him to any and all law enforcement officers on or about June 21, 1992 and thereafter" and the results of the intoxilyzer test results. The matter proceeded to trial on August 11, 1992. The court orally overruled appellant's motion to suppress and the matter proceeded for a hearing on the merits. During closing argument, the city amended the charge to underage possession of alcohol. By entry dated August 11, 1992, appellant was found guilty of underage possession of alcohol in violation of Logan City Ordinance 91.021(B). Appellant was sentenced to thirty days in jail, twenty-five of which were suspended, and a $100 fine. Appellant was further sentenced to three years' probation. This is case No. 92 CA 20.

Four days after this incident, on June 25, 1992, Patrolman Jason Wallace of the Logan Police Department stopped the vehicle in which appellant was a passenger. Wallace had appellant blow into his face and Wallace detected an odor of alcoholic beverage. Wallace then arrested appellant and read appellant his *Miranda* rights. Appellant tested .15 on the intoxilyzer.

Appellant was again charged with underage consumption of alcohol in violation of Logan City Ordinance 91.021(B). On July 17, 1992, appellant filed a motion to suppress any statements made to law enforcement officers on June 25, 1992 and to suppress the results of the intoxilyzer test on the grounds that he had not been advised of his *Miranda* rights. On August 3, 1992, appellant filed a "motion to dismiss" on the grounds that "the arresting officer did not have probable cause to stop nor arrest the Defendant * * *." A hearing was held on appellant's motions on August 11, 1992, at which time appellant conceded he had been given his *Miranda* rights. At the close of the hearing, the court orally overruled appellant's motion to dismiss, finding the officer's stop of the vehicle to be valid.

On August 20, 1992, appellant filed a "motion to dismiss complaint" on the grounds that the city would be unable to prove venue and/or possession of alcohol. The matter was set for a hearing on appellant's motion on September 29, 1992, at which time appellant indicated he would proceed directly to a trial on the merits.[2] During the course of the hearing, the city amended its complaint to charge appellant with underage possession of alcohol, rather than consumption. Appellant's counsel indicated he had no objection to the amendment. At the close of the hearing, and by entry dated September 29, 1992, appellant was found guilty of underage possession of alcohol and sentenced to thirty days in jail and five years' probation. By entry of that same date, the court modified appellant's sentence to suspend the jail time. Appellant filed a timely notice of appeal. This is case No. 92 CA 25.

We hereby *sua sponte* consolidate case Nos. 92 CA 20 and 92 CA 25 for decision. See App.R. 3(B).

 Initially, we address appellant's assignments of error which assert that the court erred in permitting amendment of the charge to "possession" and that the evidence was insufficient to prove possession. This identically worded assignment of error is appellant's Assignment of Error No. Two in case No. 92 CA 20 and Assignment of Error No. Three in case No. 92 CA 25. While appellant assigns as error the amendment of the complaint from a charge of underage consumption of alcohol to a charge of underage possession of alcohol, the essence of appellant's argument is that the presence of alcohol in one's system does not constitute possession of that alcohol. Appellant asserts that once he had consumed the alcohol, he no longer had possession or control of the

---

2. Apparently there was some confusion. The judge and city prosecutor were prepared for a hearing only on appellant's motion on September 29, 1992. Trial had been scheduled for October 6, 1992. Appellant's counsel, however, thought the matter had been scheduled for trial on the September 29 date and was prepared for a trial on the merits.

alcoholic beverage. Appellee contends that the presence of alcohol in one's system is evidence of prior possession.

Resolution of this matter turns on the meaning of the term "possess." Logan City Ordinance 91.021 is patterned after, and is substantially equivalent to, R.C. 4301.632. Both the ordinance and the statute proscribe the possession of any beer or intoxicating liquor by persons under twenty-one years of age. Neither provision defines the term "possess" as it is used therein. R.C. 1.42 provides that words shall be read in context and construed according to rules of grammar and usage. Words that have acquired a technical or particular meaning shall be construed accordingly.

The American Heritage Dictionary (2 College Ed.1985) 967, provides, *inter alia,* the following definition of "possess": "to gain or exert influence or control over * * *." Black's Law Dictionary (6 Ed.1991) 806, defines "possess" as follows:

"To occupy in person; to have in one's actual and physical control; to have the exclusive detention and control of; to have and hold as property; to have a just right to; to be master of; to own or be entitled to.

"Term 'possess,' under narcotic drug laws, means actual control, care and management of the drug. Defendant 'possesses' controlled substance when defendant knows of substance's presence, substance is immediately accessible, and defendant exercises 'dominion or control' over substance."

Similarly, R.C. 2925.01(L), which applies to drug offenses, defines "possess" or "possession" as "having control over a thing or substance * * *." See, also, *State v. Laukert* (1989), 63 Ohio App.3d 64, 577 N.E.2d 1148.

The parties herein have cited no authority in support of their respective arguments on appeal. While this does appear to be a matter of first impression in this state, our own research reveals copious authority from other jurisdictions where this issue has been addressed. In *State v. Hornaday* (1986), 105 Wash.2d 120, 713 P.2d 71, the Supreme Court of Washington held that "possession" of liquor should not be construed to include liquor which has been assimilated by the body. The *Hornaday* court reasoned that once alcohol is within a person's system, the power to control, possess, use or dispose of it is at an end. "The essential element of control is absent." *Id.* at 126, 713 P.2d at 75. Similarly, in *State v. Flinchpaugh* (1983), 232 Kan. 831, 659 P.2d 208, the court stated:

"Once a controlled substance is within a person's system, the power of the person to control, possess, use, dispose of, or cause harm is at an end. The drug is assimilated by the body. The ability to control the drug is beyond human capabilities. The essential element of control is absent. Evidence of a controlled

substance after it is assimilated in a person's blood does not establish possession or control of that substance. * * * " *Id.* at 834, 659 P.2d at 211.

Other jurisdictions which have addressed this issue have reached this same conclusion. See *State v. Vorm* (Ind.App.1991), 570 N.E.2d 109; *State v. Thronsen* (Alaska App.1991), 809 P.2d 941; *State v. Lewis* (Minn.App.1986), 394 N.W.2d 212; *People v. Spann* (1986), 187 Cal.App.3d 400, 232 Cal.Rptr. 31; *State v. Downes* (1977), 31 Or.App. 1183, 572 P.2d 1328; *Franklin v. State* (1969), 8 Md.App. 134, 258 A.2d 767. See, also, *Jackson v. State* (Tex.App.1992), 833 S.W.2d 220; *United States v. Blackston* (C.A.3, 1991), 940 F.2d 877; *State v. Sorenson* (Utah App.1988), 758 P.2d 466. We find these authorities to be persuasive and, therefore, we hold that the mere presence of alcohol in appellant's system, standing alone, was insufficient to establish possession of that alcohol.

▪ We agree with appellee that the presence of alcohol in appellant's system is circumstantial evidence of prior possession. See, *e.g., Vorm; Lewis; Flinchpaugh, supra.* However, this evidence is not enough, without additional corroborating evidence, to prove prior possession beyond a reasonable doubt within the jurisdiction where the charges were brought. In the case *sub judice,* there was no such additional corroborating evidence adduced. The evidence demonstrated only that appellant's breath had an odor of alcohol and that the gaze nystagmus and intoxilyzer tests revealed that appellant was under the influence of alcohol. There was no other evidence adduced which would tend to show that appellant possessed the alcohol at a prior time in Hocking County. Appellant's argument is well taken.

▪ Appellant's briefs also contain in the discussion of this assignment of error a single sentence of argument addressing the amendment of the complaint to charge underage possession of alcohol rather than underage consumption. Appellant maintains that he was "severely prejudiced" by the amendment, but does not state how he was prejudiced. At the trial of case No. 92 CA 20, appellant objected to the amendment on the grounds that permitting such amendment without granting appellant a continuance would deprive the defense of the opportunity to employ an expert to advise the court whether "the positive testing on the Breathalyzer [*sic* ] was the equivalent of possession of alcohol in violation of the statute."

While we do not encourage such belated amendments, we find no error. First, appellant's brief does not demonstrate how he was prejudiced by the amendment. Second, the question whether being under the influence of alcohol is sufficient evidence to prove possession of that alcohol is a matter of law for the court, and thus not a matter where the absence of expert testimony would have been

prejudicial. In case No. 92 CA 25, appellant stated on the record that he had no objection to the amendment. Accordingly, appellant's argument is without merit.

Based upon the foregoing, appellant's second assignment of error in case No. 92 CA 20 and appellant's third assignment of error in case No. 92 CA 25 are sustained in part and overruled in part. In light of our resolution of the foregoing assignments of error, the remaining assignments of error are moot and are hereby overruled. See App.R. 12(A)(1)(c). The judgments of the trial court are reversed and final judgments of acquittal are entered.

*Judgments reversed.*

GREY and PETER B. ABELE, JJ., concur.