COURT OF APPEALS OF VIRGINIA

Present: Judges Baker, Coleman and Elder
Argued at Salem, Virginia


WILBURN JUNIOR HALE
                                         OPINION
     v.    Record No. 1344-95-3    BY JUDGE JOSEPH E. BAKER
                                        DECEMBER 10, 1996
COMMONWEALTH OF VIRGINIA

             FROM THE CIRCUIT COURT OF LEE COUNTY
                   William C. Fugate, Judge

        Lisa Ann McConnell (McConnell & Edwards,
        P.C., on brief), for appellant.

        Leah A. Darron, Assistant Attorney General
        (James S. Gilmore, III, Attorney General, on
        brief), for appellee.


     Wilburn Junior Hale (appellant) appeals from the judgment of
the Circuit Court of Lee County (trial court) that approved his
jury trial convictions of improper driving in violation of Code
§ 46.2-869 and possession of alcohol by a person under the age of
twenty-one in violation of Code § 4.1-305.  Appellant argues that
the evidence is insufficient to support either conviction.

     Upon familiar principles, we view the evidence in the light
most favorable to the Commonwealth, granting to it all reasonable
inferences fairly deducible therefrom.  Higginbotham v.
Commonwealth, 216 Va. 349, 352, 218 S.E.2d 534, 537 (1975).
Viewed accordingly, the record shows that at 9:50 p.m. on June
14, 1994, appellant was driving his vehicle on Route 659 in Lee
County.  Appellant rounded a curve in the road, came upon a stop
sign at a "T" intersection, and failed to stop at the sign.  His

vehicle skidded through the intersection and over an embankment. Appellant had previously passed through the same intersection that night after 9:30 p.m. but prior to 9:50 p.m.

Trooper Pat Flannary (Flannary) of the Virginia State Police was called to the scene and found appellant's vehicle in a ditch approximately twelve feet from the road. Skid marks made by appellant's vehicle on the asphalt measured seventy-eight feet, ten inches. There were no obstructions to visibility of the stop sign, the road was free of gravel, and the pavement was dry. The curve was three hundred feet from the stop sign. Flannary estimated damage to appellant's vehicle at $1,800 to $2,000.

Flannary testified that during the course of his investigation, he observed that appellant's eyes were bloodshot and he detected what he believed to be an odor of alcohol. Appellant admitted that he had consumed one beer earlier in the day. Flannary administered an alcosenser test to appellant, which indicated the presence of alcohol. Flannary verified that appellant was under the age of twenty-one. He then charged appellant with reckless driving and possession of alcohol by a person under the age of twenty-one.

Appellant testified that he had difficulty seeing in the dark. He affirmed that he had consumed one beer on his lunch break that day in Pennington Gap. Appellant contends that considered in the light most favorable to the Commonwealth, the evidence fails to support his convictions. We disagree.

## I. Improper Driving

The record discloses that appellant was driving at night, with admitted poor night vision, on a paved secondary road with which he claimed unfamiliarity and that he approached an unobstructed stop sign, skidded through the stop sign and intersection, and drove over an embankment causing damage to his vehicle. We hold that evidence sufficient to support his conviction for improper driving. See Kennedy v. Commonwealth, 1 Va. App. 469, 339 S.E.2d 905 (1986).

Appellant's reliance upon Bacon v. Commonwealth, 220 Va. 766, 263 S.E.2d 390 (1980), and Powers v. Commonwealth, 211 Va. 386, 177 S.E.2d 628 (1970), is misplaced. In Powers, the Supreme Court of Virginia held that the mere happening of an unexplained accident could not give rise to an inference of reckless driving. 211 Va. at 388, 177 S.E.2d at 630. In Bacon, the Court held that, because the accused's innocent explanation of his single car accident was uncontradicted, the Commonwealth failed to prove its case beyond a reasonable doubt. Bacon, 220 Va. at 768-69, 263 S.E.2d at 391-92.

Here, appellant's accident was neither unexplained nor uncontradicted. Appellant drove his vehicle through a stop sign without stopping and skidded into a ditch. He claimed his failure to stop was caused by loose gravel; however, the Commonwealth's evidence proved that no loose gravel was present at the scene. The credibility of the witnesses and the weight

- 4 -

assigned to their testimony are matters exclusively for the fact finder. Coppola v. Commonwealth, 220 Va. 243, 252, 257 S.E.2d 797, 803 (1979), cert. denied, 444 U.S. 1103 (1980). Moreover, loose gravel is not an unforseen circumstance to the operator of a motor vehicle. Even if the jury accepted appellant's explanation of the accident, the evidence supports the conclusion that he failed to operate his vehicle in a safe manner and under control for the conditions and circumstances surrounding the highway. See Beavers v. Commonwealth, 245 Va. 268, 281-82, 427 S.E.2d 411, 421 (1993).

## II. Possession of Alcohol by a Person Under Age of Twenty-One

Code § 4.1-305 prohibits any person under the age of twenty-one from purchasing or possessing an alcoholic beverage. The question on appeal is whether, under the facts presented here, the evidence of prior consumption of an alcoholic beverage is sufficient to sustain a conviction for "possession" of such beverage.

This case presents a question of first impression in Virginia; however, numerous other jurisdictions have considered the issue and all agree that "proof of intentional use of a . . . substance is sufficient to establish possession . . . ." See, e.g., United States v. Clark, 30 F.3d 23, 25 (4th Cir. 1994). In United States v. Rockwell, 984 F.2d 1112 (10th Cir. 1993), cert. denied, 508 U.S. 966 (1993), the Court upheld the trial court's determination that knowing use of a substance "necessarily

- 5 -

implies [its] possession . . . ." Id. at 1113. The Rockwell Court noted that it was "'errant sophistry . . . that somebody . . . [could] knowingly and willfully use[] a controlled substance and simultaneously claim that that [use] d[id] not necessarily imply possession.'" Id. at 1115. "In short, there is no 'use' exception to possession." Clark, 30 F.3d at 25.[1]

In the case before us, the evidence proved that appellant was under the age of twenty-one. The record reveals that at the scene, appellant's eyes were bloodshot, the odor of alcohol about his person was detected, and an alcosenser test confirmed the presence of alcohol in his body system. In addition, appellant told the investigating officer that he had consumed a beer earlier that same day within the Commonwealth at Pennington Gap. Under the facts shown, we hold that the evidence is sufficient to support appellant's conviction for possessing a beer in Lee County in violation of Code § 4.1-305.

Accordingly, the judgment of the trial court is affirmed.

Affirmed.

---

[1]See also State v. Thronsen, 809 P.2d 941 (Alaska Ct. App. 1991); People v. Spann, 232 Cal Rptr. 31 (Cal. Ct. App. 1986); State v. Vorm, 570 N.E.2d 109 (Ind. Ct. App. 1991); Franklin v. State, 258 A.2d 767 (Md. Ct. Spec. App. 1969); State v. Lewis, 394 N.W.2d 212 (Minn. Ct. App. 1986); Logan v. Cox, 624 N.E.2d 751 (Ohio Ct. App. 1993); and Jackson v. State, 833 S.W.2d 220 (Tex. Ct. App. 1992).

Elder, J., concurring.

I concur in Part I of the opinion and join in the judgment affirming appellant's convictions. However, I do not join in Part II of the opinion because I disagree with the breadth of the majority's reasoning. I would hold that the evidence was sufficient to sustain appellant's conviction for illegal underage possession of alcohol because (1) appellant admitted possessing beer in Lee County earlier in the day before his accident, and (2) Trooper Flannary observed that appellant's eyes were bloodshot and detected the odor of alcohol while in appellant's presence. Where the accused has fully confessed the crime, as in this case, only slight corroborative evidence is necessary to establish the corpus delicti. Clozza v. Commonwealth, 228 Va. 124, 133, 321 S.E.2d 273, 279 (1984), cert. denied, 469 U.S. 1230 (1985). The officer's observations regarding appellant's appearance provided the necessary corroboration.

"Cases are to be decided on the narrowest legal grounds available." Korioth v. Briscoe, 523 F.2d 1271, 1275 (5th Cir. 1975); 21 C.J.S. Courts § 136(a) (1990). Because appellant's conviction can be affirmed based upon his admission and the corroborating evidence, we need not consider the issue of whether the positive test of an accused's breath or blood for alcohol is sufficient evidence to prove possession of a substance found in the breath or blood. It is unnecessary for an appellate court "to pass upon [a] question raised [that is] immaterial to the

- 7 -

proper disposition of [a] case." <u>House v. Universal Crusher Corp.</u>, 115 Va. 558, 559, 79 S.E. 1049, 1050 (1913); <u>Bradshaw v. Booth</u>, 129 Va. 19, 34, 35, 105 S.E. 555, 560 (1921) (when the exclusion of evidence is sustained on one ground, it is unnecessary to consider others, including issues of first impression).