OPINION
This is an accelerated calendar appeal. Defendant-appellant, Jessica L. Barno ("appellant"), appeals the Portage County Municipal Court judgment entry, finding her guilty of underage possession or consumption of alcohol. For the following reasons, we affirm the judgment of the lower court.
Appellant was charged with underage possession or consumption of alcohol, in violation of R.C. 4301.632, and possession of drug paraphernalia, in violation of R.C. 2925.14. On January 27, 2000, appellant filed a motion to suppress all the evidence obtained in violation of her constitutional rights. A suppression hearing was conducted on June 21, 2000. During the suppression hearing, the only witness to testify to the events leading to appellant's arrest was Deputy Sheriff Ray J. Lee.[1] Deputy Lee testified that during the late evening hours of Sunday, November 14, 1999, into the early morning hours of November 15, 1999, he was dispatched to the area of Brady Lake and State Route 59, concerning a reported fight. Deputy Lee observed two occupants, appellant and a passenger, sitting in a van that was not parked in a normal parking spot. Deputy Lee approached to investigate. Appellant was seated in the driver's seat of the vehicle. Deputy Lee was informed the vehicle had broken down. Deputy Lee testified he detected an odor of alcohol. Deputy Lee called for another unit and moved his patrol car behind appellant's vehicle. Deputy Lee testified he then asked appellant if she had anything to drink, and appellant replied, "yes." He then asked appellant where she had been drinking, and appellant replied the Robinhood Inn in Kent, Portage County. Deputy Lee also testified appellant stated that she was nineteen years old. Appellant was asked to step out of the car. Deputy Lee testified he did not arrest appellant at this time; however, he asked for permission to search her vehicle. Deputy Lee also testified that he informed appellant she could refuse. Deputy Lee stated appellant consented to the search. The search yielded two smoking devices found in an open purse, later determined to contain marijuana residue.
Appellant was arrested and transported to the police station. Deputy Lee testified appellant was asked to submit to a breathalyzer test because of the odor of alcohol. Deputy Lee also testified appellant was informed that she could refuse the test. Appellant asked for an attorney, but did not have her attorney's phone number. Upon being given a phone book, appellant asked for her mother, a non-attorney. Deputy Lee informed appellant this was not proper police procedure until she was booked, upon where she would be allowed her standard phone call. Deputy Lee testified that after a short while of pondering the situation, appellant agreed to take the breathalyzer test. The test resulted in a .062 BAC level.
The municipal court denied appellant's motion to suppress, concluding probable cause existed to arrest appellant and that there were no violations of appellant's constitutional rights. On August 11, 2000, a bench trial commenced. The two witnesses for the state were Deputy Lee and Patrolman Sheaffer. The sole witness for the defense was Linda L. Strittmatter, appellant's mother.[2] The trial court rendered its decision. As to the drug paraphernalia charge, the court stated Deputy Lee was very credible, but the drug paraphernalia found was not admitted into evidence; therefore, it could not be found beyond a reasonable doubt that appellant was guilty of drug paraphernalia. No reason is stated in the record as to why the drug paraphernalia was not admitted into evidence.
As to the underage possession or consumption of alcohol charge, the trial court determined that appellant was guilty, stating Deputy Lee responded to a reported fight, and found appellant, who appeared underage and smelling of alcohol. The court added appellant admitted to drinking at the Robinhood Inn in Kent and the breathalyzer test showed appellant did, in fact, have alcohol in her system in Portage County. The trial court sentenced appellant to thirty days in jail and a fine of $200 plus costs. The court suspended the jail time and $50 of the fine, providing appellant abstain from committing related offenses before age twenty-one, complete sixteen hours of community service, and attend a two-hour educational session. Appellant's remaining sentence was stayed pending the instant appeal. On September 8, 2000, appellant filed a timely notice of appeal, asserting two assignments of error.
In appellant's first assignment of error, appellant contends it was error to admit into evidence the results of the breathalyzer test because they were obtained without her consent and after she had requested an attorney. Appellant argues her statements were not given voluntarily and were given without Miranda warnings. Appellant opines Deputy Lee did not have lawful cause to detain and/or arrest her. Appellant adds that once Deputy Lee left, any articulable and reasonable suspicion he once had in approaching her vehicle was lost. Appellant asserts that when Deputy Lee returned, she was actually or constructively seized. Finally, appellant posits she was not operating her vehicle, and the smell of alcohol, without more, is not enough to require a breathalyzer test.
During a hearing on a motion to suppress, the trial court, acting as trier of fact, must weigh the evidence and judge the credibility of the witnesses. State v. Hill (1996), 75 Ohio St.3d 195, 208. A trial court is in the best position to resolve the factual issues. State v. Mills
(1992), 62 Ohio St.3d 357, 366. When reviewing a trial court's ruling on a motion to suppress, an appellate court is bound to accept the trial court's factual determinations if they are supported by competent and credible evidence. State v. Searls (1997), 118 Ohio App.3d 739, 741. Once the appellate court accepts the trial court's findings of fact as true, an appellate court's review of the trial court's application of the law to those facts is de novo. Id.
In the case sub judice, the municipal court's factual findings from the suppression hearing were based upon the sole testimony of Deputy Lee and the results of the breathalyzer test. The only other witness to testify at the suppression hearing was Patrolman Sheaffer; however, his testimony dealt with the calibration of the breathalyzer machine. The municipal court was in the best position to judge Deputy Lee's credibility. At the close of the suppression hearing, the court concluded Deputy Lee had reasonable cause to approach the vehicle since he was investigating a reported fight. Second, the trial court stated that Deputy Lee detected an odor of alcoholic beverage, observed appellant to be of a young age, and in fact, upon inquiry, appellant stated she was nineteen. Third, the court determined that any statements that appellant made before her arrest were not in violation of her Miranda rights. Fourth, with a nineteen-year-old and an odor of alcoholic beverage, probable cause existed to arrest. Fifth, before appellant's arrest, Deputy Lee requested consent to search appellant's vehicle, which was given. Sixth, the trial court concluded Deputy Lee testified he did not open any closed containers while he was conducting his search. Finally, the court indicated the breathalyzer test showed that appellant did have alcohol in her system.
Upon reviewing the suppression hearing transcript, there is no indication from Deputy Lee's direct examination and cross-examination that he is not credible or that his testimony is not competent. The trial court chose to believe Deputy Lee. Thus, we are bound to accept the municipal court's factual findings as true since they are supported by competent and credible evidence. We must now make an independent determination of the trial court's application of the law to those factual findings.
This court has stated an investigative stop, an exception to the Fourth Amendment warrant requirement, allows a police officer to stop an individual, provided the officer has reasonable suspicion, based upon specific and articulable facts, that a criminal offense is imminent or has occurred. State v. Gedeon (1992), 81 Ohio App.3d 617, 618, citing Terryv. Ohio (1968), 392 U.S. 1. In determining whether an investigative detention is proper, a court must examine "the totality of the surrounding circumstances," which provides the basis of the officer's suspicion. Mentor v. Schoenfeld (Aug. 20, 1999), Lake App. No. 98-L-141, unreported, 1999 Ohio App. LEXIS 3884, at 3-4, citing State v.Bobo (1988), 37 Ohio St.3d 177, paragraph one of the syllabus. In the instant case, responding to a reported fight in the area, Deputy Lee had sufficient reasonable and articulable suspicion to approach the vehicle to determine whether the occupants were involved in the fight or if they had reported the fight. The events took place late at night and the vehicle was not parked in a normal parking spot with two occupants sitting in the vehicle. Deputy Lee's brief detention of appellant, while he questioned her identity and attempted to determine what she was doing there, is constitutionally legitimate.
Next, the duty to advise of Miranda rights only attaches when an individual is subject to a "custodial interrogation." State v. Roe
(1989), 41 Ohio St.3d 18, 21. Questioning an individual's conduct pursuant to an investigative stop is not always a "custodial interrogation" requiring Miranda warnings. Berkemer v. McCarty (1984),468 U.S. 420, paragraph two of the syllabus. In determining whether an individual has been placed into "custody", looking at the totality of the circumstances, the test is whether a reasonable person would believe he or she was not free to leave. United States v. Mendenhall (1980),446 U.S. 544, 554; see, also, Florida v. Bostick (1991), 501 U.S. 429,439. Although an investigative stop curtails the freedom of an individual and imposes some pressures to answer questions, such pressures do not sufficiently impair the individual's exercise of his privilege against self-incrimination to require that he be warned of his constitutional rights. Id. Once a police officer's initial reasonable and articulable suspicion has been dispelled, he may continue to detain the individual to pursue an additional matter only if it is also supported by a reasonable and articluable suspicion of criminal activity. State v. Venham (1994), 96 Ohio App.3d 649, 655. In the case before us, Deputy Lee was conducting his investigative stop, concerning a reported fight. He detected an odor of alcohol and observed appellant's young age. This formulated reasonable and articulable suspicion of unlawful activity. Appellant was not in custody when asked if she had been drinking and where she was drinking. Thus, the privilege against self-incrimination is not applicable since appellant was not in custody yet.
Furthermore, a warrantless arrest is permissible if the arresting officer has probable cause to arrest at that time. Eastlake v. Taylor
(Dec. 29, 2000), Lake App. No. 99-L-161, unreported, 2000 Ohio App. LEXIS 6211, at 8. Upon the factual finding that appellant, nineteen years old, admitted to consuming alcohol at the Robinhood Inn in Kent, the necessary probable cause to arrest appellant existed at that point.
As to appellant's consent to search, consent is an exception to the search warrant requirement. See Florida v. Jimeno (1991), 500 U.S. 248,251. An "objective" reasonableness standard is applied when measuring a suspect's consent under the Fourth Amendment, meaning what would a reasonable person have understood by the exchange between the officer and the suspect? Id. Deputy Lee testified appellant consented to the search after she was informed she had the right to refuse.
Finally, Deputy Lee testified that, subsequent to appellant's arrest, appellant was not read Miranda warnings because she was not questioned at the scene. Upon arriving at the police station, Deputy Lee testified that he began to explain the breathalyzer test and informed appellant that she had the right to refuse the breathalyzer test. At this point, appellant requested an attorney. Deputy Lee's testimony demonstrates that the only request that was subsequently posed to appellant was the request for her attorney's phone number. Thus, there was no statement or interrogation to suppress.
Further, the Supreme Court of Ohio has held that the nonverbal results of a breathalyzer test are not self-incriminating statements; therefore, there is no constitutional right for an individual to be advised ofMiranda rights prior to submitting to such a test. State v. Henderson
(1990), 51 Ohio St.3d 54, 57-58; State v. King (June 18, 1999), Clark App. No. 98-CA-97, unreported, 1999 Ohio App. LEXIS 2716, at 7; State v.Pelz (Nov. 5, 1998), Cuyahoga App. No. 73654, unreported, 1998 Ohio App. LEXIS 5313, at 6-7. Moreover, there is no Sixth Amendment right to counsel prior to the administration of a breathalyzer test because the decision to withhold or consent to such a test is not a "critical state" in a criminal prosecution. McNulty v. Curry (1975), 42 Ohio St.2d 341,345; State v. Mason (1994), 99 Ohio App.3d 165. However, a suspect does have a statutory right, pursuant to R.C. 2935.20, to communicate with counsel or communicate with a person of her choice for the purpose of obtaining counsel.
As Deputy Lee was explaining the breathalyzer test and informing appellant that she had the right to refuse the breathalyzer test, appellant requested an attorney. Deputy Lee's testimony indicates that appellant was given a phone book so that she could find her attorney's phone number. There is no evidence that appellant's request to call her mother was for the purpose of obtaining counsel. Thus, appellant's statutory right to communicate with an attorney, pursuant to R.C. 2935.20, was not violated since appellant was not prohibited from communicating with an attorney of her choice.
Furthermore, Deputy Lee's testimony demonstrates that appellant did not make any incriminating statements while at the police station. See Statev. Dunlap (1995), 73 Ohio St.3d 308, 313; Edwards v. Arizona (1981),451 U.S. 477, syllabus. Upon being informed that she could not call her non-attorney mother, appellant was offered a phone book to find her attorney's phone number. Deputy Lee testified that after a short while of pondering the situation, appellant agreed to the breathalyzer test.
In applying the applicable law to the municipal court's factual findings during the suppression hearing, we conclude the court did not err in determining that probable cause existed to arrest appellant and that appellant's constitutional rights were not violated. The trial court correctly applied the applicable law to its factual findings and properly denied appellant's motion to suppress. Appellant's first assignment of error is without merit.
In appellant's second assignment of error, appellant contends the trial court erred in finding her guilty of possession of alcohol because the evidence was insufficient. Particularly, appellant claims it was not proven that the alleged offense of underage possession of alcohol occurred or that it occurred within Portage County, demonstrating an insufficiency of venue. Appellant adds that evidence of intoxication by itself does not establish possession of alcohol. Appellant also posits that nothing in the record indicates that she admitted to drinking, and, even so, her alleged statement came after she was removed from her vehicle and arrested without Miranda warnings. Finally, appellant contends Deputy Lee did not contact the Robinhood Inn to confirm her presence, and his testimony was discredited when she proffered testimony by her mother that the bar did not have a Sunday liquor license.
Briefly, upon review of the record, appellant failed to properly preserve her sufficiency of the evidence argument for appeal. This court has held that, in order to preserve the right to appeal the sufficiency of evidence upon which a conviction is based, a defendant must move for a Crim.R. 29 motion for acquittal at trial. State v. Barksdale (June 22, 2001), Lake App. No. 2000-L-088, unreported, 2001 Ohio App. LEXIS 2808; see, also, Roe, supra, 41 Ohio St.3d 18, 25.
Nonetheless, in the interest of justice, we have reviewed the evidence. A sufficiency of the evidence argument challenges whether the state has presented evidence for each element of the charged offense. The test for sufficiency of evidence is whether, after viewing the probative evidence and the inferences drawn from it, in a light most favorable to the prosecution, any rational trier of fact could find all elements of the charged offense proven beyond a reasonable doubt. Statev. Jones (2001), 91 Ohio St.3d 335, 345. When resolving a sufficiency challenge, a reviewing court is not permitted to weigh the evidence.State v. Schlee (Dec. 23, 1994), Lake App. No. 93-L-082, unreported, 1994 Ohio App. LEXIS 5862, at 13. Further, a reviewing court may not reverse the verdict if there exists sufficient evidence from which a trier of fact could reasonably conclude that all elements of the charged offense were proven beyond a reasonable doubt. Id. at 14.
In the instant case, appellant was charged with underage possession or
consumption of alcohol in violation of R.C. 4301.632, which provides that no person, under the age of twenty-one years, shall order, pay for,consume, or possess any beer or intoxicating liquor in any public or private place. Appellant cites to Logan v. Cox (1993), 89 Ohio App.3d 349, a Fourth Appellate District decision, as support that evidence of intoxication, by itself, does not establish possession of alcohol. Unlike the case at bar, the defendant in Logan was only charged with underage possession of alcohol, as opposed to underage possession or consumption of alcohol as in the instant case. Id. at 353. In Logan, the defendant contended he no longer possessed the alcohol. Id. The Fourth Appellate District concluded the mere presence of alcohol in the defendant's system was insufficient to establish possession of alcohol, and, withoutadditional corroborating evidence to prove prior possession beyond a reasonable doubt within the jurisdiction, there was no other evidence which would show that the defendant possessed the alcohol at a prior time in Hocking County. Id. at 354.
In the case presented, in addition to the odor of alcohol and the results of the breathalyzer test, Deputy Lee testified during trial and at the suppression hearing that appellant, nineteen years old, admitted to drinking alcoholic beverages at the Robinhood Inn in Kent, Portage County. At this point, appellant was not arrested. Viewing the evidence in a light most favorable to the prosecution, there exists substantial, probative evidence from which the trier of fact could reasonably conclude that all elements of underage possession or consumption of alcohol were proven beyond a reasonable doubt. At trial, appellant presented only her mother's testimony, who arrived at the scene upon appellant's arrest and was not present at the police station. As stated in the analysis of appellant's first assignment of error, the credibility of Deputy Lee was for the trial court to determine, and it cannot be said that the court erred in concluding that Deputy Lee's testimony was credible.
As to appellant's argument concerning venue as support of her sufficiency of the evidence argument, in a criminal trial, venue is not a material element of any crime; however, it is a fact that must be proven beyond a reasonable doubt unless waived. See State v. Beuke (1988),38 Ohio St.3d 29; State v. McCartney (1988), 55 Ohio App.3d 170. Venue is proper in the county in which the charged offense, or any element of the charged offense, was committed. State v. Headley (1983),6 Ohio St.3d 475, 477. As stated, Deputy Lee testified that appellant admitted to drinking alcoholic beverages at the Robinhood Inn in Kent, Portage County. Viewing the evidence in a light most favorable to the prosecution, there exists substantial, probative evidence from which the trier of fact could reasonably conclude that it was proven beyond a reasonable doubt that the underage drinking occurred in Portage County.
Finally, as to appellant's argument that the breathalyzer results demonstrate circumstantial evidence of prior possession and such is not enough without additional corroborating evidence, circumstantial evidence can have the same probative value as direct evidence. A conviction can be based upon circumstantial evidence alone. See State v. Franklin
(1991), 62 Ohio St.3d 118, 124. All that is required of the trier of fact is to weigh all of the evidence, direct and circumstantial, against the standard of proof, beyond a reasonable doubt. State v. Jenks
(1991), 61 Ohio St.3d 259, 272.
Accordingly, appellant's conviction of underage possession or consumption of alcohol was based upon competent and credible evidence that appellant, while under the age of twenty-one, consumed or possessed alcohol in Portage County. Appellant's second assignment of error is without merit.
For the foregoing reasons, appellant's first and second assignments of error are without merit. The judgment of the Portage County Municipal Court is affirmed.
JUDGE DIANE V. GRENDELL, FORD, P.J., CHRISTLEY, J., concur.
[1] The only other witness to testify was Patrolman Phillip R. Sheaffer who conducted the breathalyzer test; however, his testimony centered on the calibration of the breathalyzer test.
[2] Ms. Strittmatter testified that, upon arriving at the scene, she observed two officers searching the van. She was informed that appellant was under arrest. The following testimony was proffered since it was excluded from the testimony of Ms. Strittmatter: the other passenger had a criminal record and the Robinhood Inn did not have a Sunday liquor license.