# CIRCUIT COURT OF THE CITY OF NORFOLK

Commonwealth of Virginia

v.

Jacques P. Villafana

February 7, 2002

Case No. CR00004274-00

BY JUDGE MARC JACOBSON

The above captioned matter comes before this Court on the appeal of Jacques P. Villafana, Defendant, of his conviction under § 4.1-305 of the Code of Virginia (1950), as amended.

Section 4.1-305 of the Code of Virginia (1950), as amended, provides, *inter alia*, as follows:

> A. No person to whom an alcoholic beverage may not lawfully be sold under § 4.1-304 shall purchase or possess, or attempt to purchase or possess any alcoholic beverage, except. ...

It is undisputed that the Defendant is less than twenty-one years of age, the age prescription set forth in § 4.1-304 of the Code of Virginia (1950), as amended. Defendant denies that he did "possess" an alcoholic beverage at the time of his apprehension. The Virginia State Trooper testified that, at the time of his apprehension, he detected the odor of alcohol on Defendant's breath and that Defendant admitted that he had previously consumed alcohol.

Code § 4.1-305 prohibits any person under the age of twenty-one from purchasing or possessing alcoholic beverages, with very specific exceptions. In *Hale v. Commonwealth*, 23 Va. App. 587, 478 S.E.2d 710 (1996), which the Virginia Court of Appeals indicated was a case of first impression in Virginia, the Court considered the question "whether, under the facts presented here, the evidence of prior consumption of an alcoholic beverage is

sufficient to sustain a conviction for 'possession' of such beverage." *Id.* at 591. In *Hale*, the Virginia Court of Appeals held that evidence proving that the defendant was a minor, along with evidence of an odor of alcohol about his person, the presence of alcohol in his system (as confirmed by an alcosenser test), and an admission that the defendant had possessed beer earlier in the day before the accident which caused the defendant to be charged with improper driving was sufficient to sustain a conviction for "possession" of an alcoholic beverage.

In the instant case, the Virginia State Trooper testified that, even though no alcoholic beverage container was found on the minor Defendant's person, there was an odor of alcohol on his breath and, further, that Defendant had confessed to having earlier possessed an alcoholic beverage. Although Defendant denies that he had previously possessed and/or used an alcoholic beverage, in considering the totality of the circumstances of the evidence and in considering the credibility and demeanor of the witnesses, this Court finds the evidence presented by and testimony of the Trooper to be credible and convincing, even if the evidence in the instant case may not be as extensive as that in *Hale*.

There is sufficient evidence of possession because "[w]hen, as here, the commission of the crime has been fully confessed by the accused, only slight corroborative evidence is necessary to establish the corpus delicti. *Clozza v. Commonwealth*, 228 Va. 124, 133, 321 S.E.2d 273, 279 (1984), *cert. denied* 469 U.S. 1230, 105 S. Ct 1223, 84 L. Ed. 2d 370 (1985). The odor of alcohol on the minor defendant's breath provides the necessary corroboration. Interestingly, Judge Elder, in his concurring opinion, indicates that the evidence was sufficient even without the use of or reference to the alcosenser test which confirmed the presence of alcohol in the defendant's system.

The odor of alcohol on Defendant's breath, combined with an admission of alcohol use, is sufficient evidence to convict the Defendant of possession of an alcoholic beverage under and pursuant to Code § 4.1-305, and the Court finds the Defendant guilty of that charge. Counsel for the Commonwealth and Defendant will please set a hearing date within fourteen days in order for the Court to consider the appropriate punishment pursuant to Va. Code § 4.1-305.